UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HILLARY K., | Case No. 19-CV-2965 (PJS/KMM) |
| Petitioner, | |
| v. | ORDER |
| DHS-ICE; CHIEF COUNSEL; ATTORNEY GENERAL; SHERBURNE COUNTY SHERIFF, | |
| Respondents. | |

Petitioner Hillary K. has been in the custody of Immigration and Customs Enforcement ("ICE") since November 2018. He filed this habeas action in November 2019 seeking review of his continued detention.

This matter is before the Court on Hillary's emergency motion to halt deportation, which, according to the government, is "very imminent." O'Denius Decl. ¶ 13. For the reasons that follow, the motion is granted.

The government contends that Hillary is subject to a final order of removal, that the Court lacks jurisdiction to review that order, and that, in any event, Hillary is unlikely to succeed on the merits of his underlying petition because, at the time he filed his petition, he was still within the statutorily mandated 90-day removal period. *See* 8 U.S.C. § 1231(a). According to the government, the order of removal became final on October 31, 2019.

It is not entirely clear to the Court, however, that the order of removal has become final and thus that Hillary is in fact subject to a final order of removal. In June 2019, an immigration judge ("IJ") granted Hillary's application for voluntary departure, and on October 31 the Board of Immigration Appeals ("BIA") affirmed that decision and ordered that Hillary be given 60 days to voluntarily depart. Pet'r Ex. 2. The order seems to provide that *if* Hillary fails to voluntarily depart within those 60 days, *then* Hillary is ordered removed. *See id.* ("In the event the respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order."). In other words, the BIA's order can be read to condition the entry of a final order of removal on Hillary's failure to voluntarily leave the United States *after being given 60 days to do so*.

The problem is that Hillary has been in ICE custody since November 2018. Because Hillary has never been given the *opportunity* to voluntarily depart, he cannot fairly be said to have *failed* to voluntarily depart, and thus the condition precedent to the entry of the final order of removal has arguably not been met. On this reading of the BIA's order, then, no final order of removal has yet been entered. If that is the case, then Hillary remains in *pre*-removal-order detention, and he has a good chance of prevailing on his underlying habeas claim challenging that detention. *See Muse v. Sessions*, 409 F. Supp. 3d 707 (D. Minn. 2018).

Perhaps the Court is misconstruing the BIA's order. Perhaps ICE is acting inconsistently with only the spirit, but not the letter, of the decision of the BIA to give Hillary an opportunity to voluntarily depart. But the Court will need additional briefing from the parties before it can determine that Hillary is, in fact, subject to a final order of removal.[1] In light of the doubt concerning Hillary's status, the threat of irreparable harm that Hillary is facing if he is removed from the United States,[2] and the lack of harm to the government from a short stay, the Court grants a temporary stay of removal in order to give the parties an opportunity to further address these issues.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's emergency motion to halt deportation [ECF No. 14] is GRANTED.

---

[1] The Court notes that there is also a significant discrepancy in the record concerning the basis for finding that Hillary is removable. According to deportation officer William J. Robinson, the IJ ordered him removed based on a fraudulent marriage. Robinson Decl. ¶ 9. Hillary offers the IJ's written order, however, which rejects the Department of Homeland Security's allegation that Hillary's first marriage was fraudulent. Pet'r Ex. 1.

[2] It is the Court's understanding that, if Hillary is removed after failing to voluntarily depart, he may be subject to severe immigration restrictions. In that regard, the Court notes that Hillary's current spouse filed an I-130 petition in January 2019, which remains pending.

2. Respondents and their agents and representatives are hereby ENJOINED from deporting or removing petitioner from this District until further order of the Court.

3. A briefing order will follow.

Dated: February 19, 2020        s/Patrick J. Schiltz
                                                        Patrick J. Schiltz
                                                       United States District Judge