UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HILLARY K., | Case No. 19-CV-2965 (PJS/KMM) |
| Petitioner, | |
| v. | ORDER |
| DHS-ICE; CHIEF COUNSEL; ATTORNEY GENERAL; SHERBURNE COUNTY SHERIFF, | |
| Respondents. | |

Christopher M. Casazza, SOLOW, ISBELL & PALLADINO, LLC, for petitioner.

Gregory G. Brooker, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on two motions filed by petitioner Hillary K. On September 9, 2020, Hillary filed a motion seeking to terminate the revocation of his supervised release, ECF No. 46, and on September 14, 2020, Hillary filed a motion for a temporary restraining order ("TRO") to enjoin the government from removing him to Kenya, ECF No. 49. For the reasons that follow, both motions are denied.

Hillary, a citizen of Kenya, overstayed his student visa and was taken into custody by Immigration and Customs Enforcement ("ICE") on November 5, 2018. *See* ECF No. 33 at 2. Hillary conceded his removability in proceedings before an Immigration Judge and, on December 31, 2019, Hillary became subject to a final order of removal. *Id.* at 3–4; ECF No. 42 at 7. This case originally came before the Court on

Hillary's petition for a writ of habeas corpus challenging the length of Hillary's detention pending removal. ECF No. 1. In a Report and Recommendation ("R&R") dated July 13, 2020, Magistrate Judge Katherine M. Menendez recommended granting Hillary's petition and ordering Hillary's release from ICE custody subject to reasonable conditions of supervision. ECF No. 42. The government did not file an objection, and on July 27, 2020, this Court adopted the R&R and ordered Hillary's release. ECF No. 44.

On September 9, 2020, Hillary filed a pro se motion notifying the Court that he had been taken back into ICE custody and asking that the Court intervene on his behalf.[1] ECF No. 46. Hillary gave no indication that he was about to be removed. On September 14, 2020, Hillary filed a second motion through counsel seeking a TRO to enjoin the government from removing him to Kenya. ECF No. 49. Hillary explains that he has been transported to an out-of-state ICE detention center in preparation for his removal, which is scheduled to occur in the next few days. ECF No. 49-1 at 2.

This is the second time in these proceedings that Hillary has requested an emergency injunction to prevent his removal. On February 18, 2020, after immigration authorities secured travel documents on Hillary's behalf, Hillary filed an "emergency

---

[1]Because the basis for Hillary's confinement was not clear from Hillary's pro se filing, the Court ordered supplemental briefing from the parties. ECF No. 47. Hillary's subsequent filing through counsel clarifies that Hillary was taken into custody to facilitate his imminent removal to Kenya. ECF No. 49-1. This obviates the need for additional briefing from the parties, and the Court's September 10, 2020 briefing order is therefore vacated.

motion to halt deportation." ECF No. 14. After initially requesting additional briefing from the parties to determine whether Hillary was subject to a final order of removal, ECF No. 18, the Court denied Hillary's motion in an order dated April 21, 2020. ECF No. 33. The Court found that Hillary is subject to a final order of removal, and that it lacked subject-matter jurisdiction to consider Hillary's request to enjoin the government from executing that order. *Id.* The Court denies Hillary's current motions seeking the same relief for the same reason.

District courts do not have subject-matter jurisdiction to consider claims that directly or indirectly challenge the execution of removal orders. Pursuant to 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Because both Hillary's current motion for a TRO and his pro se motion asking the Court to "intervene" in his re-incarceration "aris[e] from the decision" to execute his removal order, this Court lacks subject-matter jurisdiction to grant Hillary the relief that he requests.

The fact that this Court previously granted Hillary's petition for a writ of habeas corpus does not alter this conclusion. In his pro se habeas petition, Hillary argued that he should be released from custody pending removal under *Zadvydas v. Davis*, 533 U.S.

678 (2001). In *Zadvydas*, the Supreme Court considered the constitutionality of 8 U.S.C. § 1231(a)(6), which authorizes the government to detain certain aliens who are subject to a final order of removal beyond the 90 days that the government is ordinarily allowed to execute such orders. Although the text of § 1231(a)(6) does not limit the length of time an alien may be detained, the Supreme Court read an implicit limitation into the statute in order to avoid the constitutional difficulties that would follow if the statute were interpreted to authorize indefinite detention. According to *Zadvydas*, it is "presumptively reasonable" under § 1231(a)(6) to keep an alien in detention for six months after a removal order is entered. If, after this six-month period has expired, the alien can establish that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and if the government is unable to rebut that showing, then continued detention is deemed "unreasonable and no longer authorized by statute." *Id.* at 700–01. In such a case, a court may order the alien's release subject to appropriate conditions of supervision. *Id.* at 700.

Judge Menendez found that the presumptively-reasonable six-month period applicable to Hillary ended on June 28, 2020. ECF No. 42 at 8. In light of the travel restrictions and other extraordinary circumstances caused by the COVID-19 pandemic, Judge Menendez further concluded that Hillary's removal was not likely to occur in the reasonably foreseeable future. The Court adopted Judge Menendez's R&R and ordered

Hillary's release on conditions of supervision.  The Court's order addressed only the government's authority under § 1231(a)(6) to continue to detain Hillary pending removal.  It had no effect on Hillary's removal order, which remains just as valid and enforceable today as it did before Hillary's habeas petition was granted.

Based on the information in the record, it appears that the government is now ready and able to remove Hillary to Kenya—and to do so within the next few days.  ECF No. 49-1 at 2.  Hillary has not identified any reason why his removal is unlawful, and even if he had, this Court would likely not have subject-matter jurisdiction to consider the legality of the decision to remove Hillary.  *See* 8 U.S.C. § 1252(g); *Zadvydas*, 533 U.S. at 687–88 (explaining that while a federal district court may review the constitutionality of "continued custody after a deportation order [becomes] final," it is statutorily barred from reviewing deportation decisions).  Hillary's motions are therefore denied.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT petitioner's motion to terminate revocation of release [ECF No. 46] and petitioner's motion for a temporary restraining order [ECF No. 49] are DENIED.

Dated: September 15, 2020

Patrick J. Schiltz
United States District Judge